**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Samuel Hall,               )<br>              Plaintiff,         )<br>                                    )<br>v.                                )<br>                                    )<br>City of Tempe, et al.,     )<br>              Defendants.    )<br>_____) | CIV. 12-2094-PHX-PGR<br><br>**ORDER** |

Before the Court is Defendants' motion to dismiss. (Doc. 11.) Plaintiff filed a response in opposition (Doc. 12), to which Defendants replied (Doc. 13). Having reviewed the pleadings, and determined that oral argument is unnecessary, the Court issues the following Order.

## BACKGROUND

On May 18, 2012, Plaintiff filed a complaint in Maricopa County Superior Court alleging claims of assault, excessive force, false arrest/false imprisonment, civil rights violations under 42 U.S.C. § 1983, negligent hiring/supervision/retention, intentional infliction of emotion distress, negligent infliction of emotional distress, battery, and negligence. (Doc. 1, Ex. A.) The case was removed to this Court on June 28, 2011. (Doc. 1.)

Plaintiff was arrested on May 20, 2011, after being kicked out of a restaurant in Tempe for failing to pay his bill. The arrest was made by Defendant Whitney Jurjevich, of the Tempe Police Department. Plaintiff alleges that Officer Jurjevich "unnecessarily used excessive force by aggressively grabbing [Plaintiff's] arm, punching him, wrestling him to

the ground, tasing and eventually hog-tying him." (*Id.*, Ex. A, ¶ 15.) At the time of the incident there was a warrant for Plaintiff's arrest on an assault charge. (Doc. 11, Ex. 1.)

Plaintiff was charged with one count of aggravated assault against Officer Jurjevich and one count of resisting arrest. The jury found Plaintiff guilty of resisting arrest, but acquitted him of aggravated assault. (Doc. 11, Ex. 2.) His conviction was affirmed by the Arizona Court of Appeals. (Doc. 14, Ex. A.)

**DISCUSSION**

**I.     Rule 12(b)(6)**

Defendants move to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 11.) When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**II.    § 1983 claim**

Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), requires the dismissal of Plaintiff's claims. In *Heck*, the Supreme Court held that a plaintiff who is convicted of a crime under state law cannot seek damages in a § 1983 action if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The Court specifically noted that a successful § 1983 action premised on a police officer's use of excessive force during an arrest would necessarily imply the invalidity of the plaintiff's conviction for resisting that arrest in a state where the lawfulness of the resisted arrest was

- 2 -

an element of the resisting arrest offense. *Id.* at 486 n.6. To pursue such a claim, a plaintiff must prove that the underlying conviction has been reversed on appeal or otherwise invalidated. *Id.* As noted above, Plaintiff's resisting arrest conviction was affirmed on appeal.

In Arizona, a person commits the crime of resisting arrest when he intentionally prevents an officer from "effecting an arrest" by (1) using force or threatening to use force against the officer, or (2) creating a "substantial risk" of injury to the officer. A.R.S. § 13–2508. A person can be found guilty of resisting arrest only if the arresting officer's conduct when making the arrest was lawful. *Mitchell v. Demski,* CV 06–0969–PHX–MHM (MHB), 2007 WL 2023471, at *4 (July 11, 2007). A person cannot justifiably use force to resist arrest unless the officer uses unlawful—i.e., excessive—physical force. *See* A.R.S. § 13–404(B)(2); *State v. Fontes*, 195 Ariz. 229, 232, 986 P.2d 897, 900 (App.1998). The district court in *Mitchell* considered a § 1983 claim of a person who had been convicted of resisting arrest and assault. Applying *Heck*, the court examined plaintiff's claim that officers used excessive force during their attempt to arrest him. *Mitchell*, 2007 WL 2023471, at *4. Because success on the plaintiff's § 1983 claim "would necessarily imply the invalidity" of his conviction, the court held that the claim was barred by *Heck. Id.*

Plaintiff argues that a successful § 1983 claim would not necessarily invalidate his conviction for resisting arrest because "reading the facts as alleged in the Complaint most favorably to Mr. Hall, Defendant Jurjevich's conduct occurred subsequent to any alleged 'resistance' to the officer trying to affect an arrest." (Doc. 12 at 3.) Plaintiff cites *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (en banc), and *Sanford v. Motts*, 258 F.3d 1117 (9th Cir. 2001). In *Smith*, the Ninth Circuit considered the excessive force allegations of a prisoner who pled guilty to resisting arrest pursuant to Cal.Penal Code § 148(a)(1). The court concluded that the claims were not barred by *Heck* "because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction." 394 F.3d at 693. Similarly, in *Sanford* the court explained that

- 3 -

"if [the officer] used excessive force subsequent to the time Sanford interfered with [the officer's] duty, success in her section 1983 claim will not invalidate her conviction. *Heck* is no bar." 258 F.3d at 1120.

As established by these cases, *Heck* does not bar excessive force claims based on police conduct that occurred "separate and independent" from the facts giving rise to the conviction. The *Heck* bar applies, however, where the alleged wrongful conduct that forms the basis of the § 1983 claim "is part of a single act" for which the plaintiff was already convicted. *See Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir.2003); *Curry v. Baca*, 371 Fed.Appx. 733, 734 (9th Cir. 2010).

As Defendants note, the facts alleged in the complaint contradict Plaintiff's present argument that the alleged excessive force occurred as a separate incident, taking place after the arrest. According to the complaint, Officer Jurjevich "used unreasonable and unnecessary force to affect [sic] such arrest by pulling [Plaintiff's] arm to the point of breaking it, and by otherwise physically harming him as described above . . ." (Doc. 1, Ex. A, ¶ 26.) This statement confirms that Plaintiff was injured while he was resisting arrest and not, as he now suggests, during another, later phase of the incident. *See Preston v. Alexander*, No. CV-11-1200-PHX-GMS (ECV), 2013 WL 1561062 (D.Ariz. April 12, 2013). Under these circumstances, Plaintiff's conviction for resisting arrest would be invalidated if he were to succeed on his excessive force claim, because the conviction is based on a finding that the arrest was lawful. The conduct that forms the basis for Plaintiff's § 1983 claim is the same conduct that was considered when Plaintiff was convicted of resisting arrest.

Finally, Plaintiff argues that *Heck* does not affect his state law claims. The Court disagrees. In *Glaze v. Larsen*, the Arizona Supreme Court cited *Heck* in holding that a criminal defendant could bring a legal malpractice claim against his defense attorney only if he first showed that his conviction had somehow terminated in his favor. *Glaze v. Larsen,* 83 P.3d 26, 33 (Ariz. 2004) ("The requirement that the conviction be set aside arises from

our respect for the finality of the judgment in the criminal case."). "The reasoning in *Glaze* suggests that Arizona courts would apply *Heck* to bar Plaintiff's state law claims in the same way that his § 1983 claim is barred." *Sullivan v. City of Phoenix*, No. CV-11-1427-PHX-DGC, 2012 WL 2285425, at *2 (D.Ariz. June 18, 2012); *see Dominguez v. Shaw*, CV-10-1173-PHX-FJM, 2011 WL 6297971, at *3–4 (D.Ariz. December 16, 2011).

### III. False arrest

Defendants argue that Plaintiff's claims predicated on false arrest or false imprisonment fail because Plaintiff was arrested on a valid warrant and because the trial judge found the arrest was supported by probable cause. (Doc. 11 at 4–5.) The Court agrees.

To establish a claim of false arrest in Arizona, a plaintiff must show that he was detained "without his consent and without lawful authority." *Slade v. City of Phoenix*, 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975); *see Mohajerin v. Pinal County*, CV-07-1746-PHX-DGC, 2007 WL 4358254, at * 4 (D.Ariz. December 7, 2007). "The essential element necessary to constitute either false arrest or false imprisonment is unlawful detention." *Slade*, 112 Ariz. at 300, 541 P.2d at 552. "Under Arizona law, probable cause is an absolute defense to a claim of false arrest and imprisonment." *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994) (citing *Hockett v. City of Tucson*, 139 Ariz. 317, 320, 678 P.2d 502, 505 (App. 1983); *Joseph v. Dillard's, Inc.*, CV-08-1478-PHX-NVW, 2009 WL 5185393, at *15 (D.Ariz. December 24, 2009)).

The record clearly shows there was probable cause for Plaintiff's arrest. A grand jury indicted Plaintiff on assault and resisting arrest charges. The trial court denied Plaintiff's Motion for a Redetermination of Probable Cause brought pursuant to Rule 12.9 of the Arizona Rules of Criminal Procedure. (Doc. 11, Ex. 3.) Plaintiff was convicted of resisting arrest. Moreover, there was a warrant for Plaintiff's arrest on a separate matter. (*Id.*, Ex. 1.) Because the arrest was supported by probable cause, Plaintiff's false arrest and false imprisonment claims fail.

### IV. Claim against Tempe and Chief Ryff

The complaint includes claims against the City of Tempe and Police Chief Tom Ryff. It alleges "deliberate indifference in their hiring, training, and supervision of Defendant Jurjevich" pursuant to 42 U.S.C. § 1983, and negligent hiring, training, and supervision. (Doc. 1, Ex. A, ¶¶ 34, 38.)

Defendants argue that the claims against Tempe and Chief Ryff "must be dismissed because there is no underlying theory of liability for Officer Jurjevich." (Doc. 11 at 5.) The Court agrees. "For an employer to be held liable for the negligent hiring, retention, or supervision of an employee, a court must first find that the employee committed a tort." *Kuehn v. Stanley*, 208 Ariz. 124, 130, 91 P.3d 346, 352 (App.2004) ("If the theory of the employee's underlying tort fails, an employer cannot be negligent as a matter of law for hiring or retaining the employee."); *see Mulhern v. City of Scottsdale*, 799 P.2d 15, 18 (App.1990) ("In order for the employer to be held liable for negligent hiring, retention, or supervision, the employee must have committed a tort."). Here, because Plaintiff's theory of an underlying tort fails, his claims against Tempe and Chief Ryff for negligent hiring, retention, or supervision also fail.

### V. Leave to amend

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In other words, leave to amend need not be granted when amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

The Court finds that amendment would be futile in this case. As noted above, the complaint alleges that Officer Jurjevich used excessive force to effect the arrest. That claim

- 6 -

fails under *Heck*, as do the claims against Tempe and Chief Ryff. The arrest was supported by probable cause, so Plaintiff's false arrest and imprisonment claims also fail.

**VI.    Conclusion**

The Court has accepted all material allegations in the complaint as true, and construed them in the light most favorable to Plaintiff. For the reasons set forth above, the complaint does not make out a cognizable legal theory or allege facts sufficient to support a cognizable legal theory.

Accordingly,

IT IS HEREBY ORDERED granting Defendants' motion to dismiss (Doc. 11). This action is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

DATED this 13th day of August, 2013.

Paul G. Rosenblatt
United States District Judge